

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 21, 1948

Hon. Tom M. Miller
County Attorney
Young County
Graham, Texas

Opinion No. V-479

Re: The authority of a county
court to require surrender
of the operator's license,
for transmittal to the De-
partment of Public Safety,
following conviction of the
operator for driving while
intoxicated.

Dear Sir:

You have requested an opinion of this department
on the above-captioned subject and we quote from your let-
ter as follows:

"In June, 1947, a man plead guilty to the
offense of driving an automobile upon a public
highway in Young County, Texas, while intoxi-
cated and was fined $50.00 and a six months' sus-
pension of his driver's license by Judge Thompson;
at the time of his conviction under Article 802,
Penal Code, Judge Thompson held that the automatic
suspension of defendant's operator's license ap-
plied according to Article 6687b, Revised Civil
Statutes, Section 24, and that according to Sec-
tion 25 (a) of said Article 6687b, Revised Civil
Statutes of Texas, that it was the duty of the
court to require the defendant to surrender his
operator's license, and for the Clerk of this
Court to forward to the Department of Public
Safety a record of such conviction together with
the driver's license of the defendant. This was
accordingly done in this case. I, as County
Attorney, advised the Court last June that this
was the correct procedure to follow; I have ad-
vised the court at this time that this was and is
now the correct procedure to follow.

". . . . Please advise this office whether
or not the county court should require the sur-
render of an operator's license and have the clerk

of the court send it in together with the record of the conviction."

Pertinent to this problem, we quote Article 6687b, Sections 24 and 25, V. C. S., in part, as follows:

"Sec. 24. (a) The license of any person shall be automatically suspended upon final conviction of any of the following offenses:

"2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs."

"(b) The suspension above provided shall in the first instance be for a period of six (6) months. In event any license shall be suspended under the provision of this Section for a second time, said second suspension shall be for a period of one (1) year.

"Sec. 25. (a) Whenever any person is convicted of any offense for which this Act makes automatic the suspension of the operator's, commercial operator's, or chauffeur's license of such person, the court in which such conviction is had shall require the surrender to it of all operators', commercial operator's, and chauffeurs' licenses then held by the person so convicted and the clerk of said court shall thereupon forward the same together with a record of such conviction to the Department, within ten (10) days from the date of conviction. . . ."

From the clear and unambiguous language of the foregoing statute, it is manifest that upon conviction of the offense of driving a motor vehicle upon a public highway while under the influence of intoxicating liquor, the operator's license of such convicted operator is automatically suspended as an inescapable consequence of the conviction. No further action, declaration, or judgment on the part of the court in which the conviction is rendered is necessary to accomplish such suspension, as the license is suspended ipso facto by reason of such conviction, and the sole question remaining is that of the custody of the suspended license.

Regarding the custody of the suspended license, we quote from Opinion No. V-91, rendered by this Department, as follows:

"Section 25 directs the court to report to the

Department all convictions of violations of all laws regulating the operation of motor vehicles on the highways. The purpose of these requirements is to furnish the foundation for appropriate action by the Department. In the instances where suspension is automatic (Section 24) the law recognizes that no further hearing is required for the procedural 'due process of law,' because the person accused in the criminal action is bound to know, as a matter of law, that an automatic suspension of his driver's license will be a consequence of his conviction. The right to the driver's license is tried as a part of the same suit.

"The court is directed to immediately take up the license and the clerk of said court to forward same, together with a record of such conviction, to the Department within ten (10) days from the date of the conviction. It is incumbent upon the Court to require the surrender of the license and the clerk to forward same with the record of conviction to the Department. The court's failure, however, to require the surrender of the license does not affect its suspension."

It is our opinion, therefore, that the county court is charged with the duty of assuming the custody of the suspended license upon conviction of an operator of the offense of driving a motor vehicle upon a public highway while intoxicated. Section 25. It must be borne in mind that the action of the court in assuming the custody of the suspended license is not determinative of the question of the suspension of the license. Such license would be suspended regardless of the assumption of custody by the court for transmittal to the Department of Public Safety.

In this connection, we wish to call attention to Sec. 32 of Art. 6687b, V. C. S., as follows:

"Sec. 32. It shall be unlawful for any person to commit any of the following acts:

" . . . .

"4. To fail or refuse to surrender to the Department on demand any operator's, commercial operator's or chauffeur's license which has been suspended, cancelled, or revoked as provided by law; . . . ."

In the light of the foregoing section, upon conviction of an operator of one of the offenses enumerated in Section 24 of the Act, for which automatic suspension of the operator's license is provided, the Department of Public Safety can demand the license of the operator upon conviction, if the court has not taken possession of the license. In this event, the operator, if he does not surrender his license, shall be guilty of a misdemeanor, as provided in Sec. 44 of the Act.

We are attaching hereto a copy of Opinion No. V-91 from which we have quoted, as being pertinent to your problem.

### SUMMARY

It is mandatory that the county court require the surrender of an operator's license, for transmittal to the Department of Public Safety, following conviction of the operator of the offense of driving while intoxicated. Article 6687b, Sections 24 and 25, V. C. S.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By _Dean J. Capp_
Dean J. Capp
Assistant

APPROVED

_Jno. R. Greenhill_

ACTING ATTORNEY GENERAL

DJC:rt:jrb
Encl.